# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| RASHAND WILLIAMS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:16cv00480 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TRENT, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Rashand Williams, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 28 U.S.C. § 1983, alleging that the defendants denied him adequate medical treatment and used excessive force against him. Defendants filed motions to dismiss and Williams responded, making this matter ripe for disposition. Having reviewed the record, I conclude that defendants' motions must be granted as to defendants Cox and Trent and denied as to defendants Hairston, Bramblett-Robinson, and Hartman.

## I.

Williams alleges that upon arriving at the Western Virginia Regional Jail on April 12, 2016, he met with medical staff and informed them of his allergies, including medication to which he is allergic. On September 9, 2016, while experiencing a migraine and tension headache, Williams asked defendant Hairston, a medication technician, for pain medicine and she told him that he could not take aspirin or Tylenol because he was allergic to them. Instead, Nurse Hairston gave Williams Excedrin[1] twice a day for two days. Williams states that Hairston did not "thoroughly" review his medical file or refer him to the nurse practitioner or doctor before giving him the Excedrin.

On September 10, 2016, Williams submitted a health care request form, notifying medical staff that he had a "sharp pain" in his head. Williams states that "during this time," his

---

[1] Excedrin contains acetaminophen (Tylenol), aspirin, and caffeine. Drugs.com, *Excedrin*, https://www.drugs.com/excedrin.html (last visited Sept. 16, 2017).

headaches and stomach pain became "severe" and "unbearable" and he had uncontrollable bowel movements. Williams alleges that on September 12, 2016, the doctor notified medical staff that Williams could not receive Excedrin because it has aspirin in it.

On September 14, 2016, Williams submitted another health care request form notifying medical staff of his allergies to aspirin and Tylenol.[2] On September 15, 2016, Williams saw defendant Bramblett-Robinson, a physician assistant, who told him that there was "nothing they could give" him. Williams alleges that she "sent for" his medical records concerning his allergic reaction to aspirin and Tylenol.

On September 22, 2016, Williams sent another health care request form, notifying medical staff of his abdominal pain and migraine headaches, and that he had been denied medical attention. On October 7, 2016, after a nurse came to distribute medication to the unit where Williams was housed, Officer Kought told Williams to "lock down" for twenty-four hours. Williams alleges that the nurse had told Officer Kought that Williams did not take his medication. Williams walked to his cell with Officer Kought and defendant Officer Hartman. Upon arriving at his cell, Williams stood in the doorway, and while he was "not refusing or ac[t]ing out," Officer Hartman pushed Williams into the cell, then "came with a blow to the face, caus[]ing [his] head to hit the wall very hard and [then] came with another blow to [his] stomach" causing Williams to "suffer[] a lot of pain in [his] stomach and [a] cluster migraine." A supervisor arrived after the incident, asked Williams what had happened, and then placed Williams in segregation. Williams alleges that he was denied medical treatment for his stomach pain and cluster migraine. He also alleges that his request for a grievance was denied.

---

[2] In response to defendants' motion to dismiss, Williams alleges that he is also allergic to Motrin (also known as ibuprofen). It is unclear exactly which medications he is allergic to, but for purposes of the motion to dismiss, the court will assume that Hairston gave Williams medication that he was allergic to, as Williams' alleges in his complaint.

2

II.

Defendants filed motions to dismiss Williams' complaint.[3] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id*., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require

---

[3] I note that defendants Hartman, Cox, and Trent attached to their motion to dismiss Wilson's medical records and two inmate requests regarding the transfer of Williams' car title. However, they do not rely on these documents in support of any of the grounds raised in their motion to dismiss. "Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of the allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). District courts have discretion "to determine whether or not to 'exclude' matters outside the pleadings." *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997). Usually, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *Zak*, 780 F.3d at 606. In this case, I find it premature to consider Williams' medical records at the motion to dismiss stage. Further, the inmate requests regarding the transfer of Williams' car title are not relevant to the claims raised in his complaint. Accordingly, I have not considered those documents and will exclude them. I note, however, that the medical records may become relevant in adjudicating a subsequently filed motion for summary judgment and may be resubmitted at that time.

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.*. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (quoting *Sado v. Leland Mem'l Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996)).

### III.

Williams alleges that defendants Hairston and Bramblett-Robinson denied him adequate medical treatment. I conclude that Williams' allegations state a plausible Eighth Amendment claim against these defendants and, therefore, I will deny their motion to dismiss.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must

4

present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.2d 1092, 1096 (4th Cir. 1997).

Williams alleges that he asked Hairston for pain medication for his migraine and tension headache; she acknowledged that he could not have aspirin or Tylenol because he was allergic to them; she did not "thoroughly" review his medical file or refer him to a nurse practitioner or doctor; she gave him Excedrin, which contains both Tylenol and aspirin, twice a day for two days; and after taking this medication, he experienced "sharp," "severe," and "unbearable" head and stomach pain, as well as uncontrollable bowel movements. He also alleges that while he was experiencing these symptoms, he saw Bramblett-Robinson and she provided him no treatment.

Accepting all allegations in the complaint as true and drawing all reasonable inferences in Williams' favor, I conclude that Williams' allegations state a plausible Eighth Amendment claim against defendants Hairston and Bramblett-Robinson. Williams alleges that Hairston knew of his allergy and nevertheless gave him medication to which he was allergic. He also alleges that he complained of significant amounts of head and stomach pain and that Bramblett-Robinson refused to provide him medical treatment. Accordingly, I will deny these defendants' motion to dismiss.

## IV.

Williams alleges that Hartman used excessive force against him. Hartman argues that Williams' claim against Hartman should be dismissed because Williams failed to exhaust his administrative remedies as to this claim before filing this action. However, Williams alleges that administrative remedies were not available to him and, therefore, I will deny defendants' motion to dismiss this claim.

5

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. at 215-216; *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F.Supp.2d 544, 548 (E.D. Va. 1999) ("[T]he PLRA amendment made clear that exhaustion is now mandatory."). But, the court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). An inmate need only exhaust "available" remedies. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d at 725.

Hartman states that "Williams admits that he has not filed a grievance" and "there is nothing in the complaint that indicates [that] Williams sought a grievance for the alleged excessive force by Officer Hartman." However, Williams states that he requested a grievance but his request was denied. Construing the allegations as I must on a motion to dismiss, I conclude that Williams has alleged that administrative remedies were not available to him. Accordingly, I will deny defendants' motion to dismiss the excessive force claim against Hartman as unexhausted.

## V.

Williams names Lt. Col. Cox and Maj. Trent as defendants to this action but he does not allege any facts against them in his complaint. To state a claim for relief under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Williams has not alleged any facts against defendants Cox and Trent, I will grant defendants' motion to dismiss these defendants.[4]

## VI.

For the reasons stated herein, I will grant the motions to dismiss as to defendants Cox and Trent and deny them as to defendants Hairston, Bramblett-Robinson, and Hartman.

**ENTER**: This 19th day of September, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] I note that to the extent Williams alleges that defendant Trent failed to provide him with grievance forms, such allegations do not state a colorable § 1983 claim because an inmate has no constitutional right to participate in grievance proceedings. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, Williams' allegations in response to the motion to dismiss that defendants Trent and Cox failed to investigate his report about the incident involving Officer Hartman, also fail to state a claim. *See Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation"); *Sweat v. Rennick*, No. 9:11-2908, 2012 U.S. Dist. LEXIS 55200, at *5, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) ("Plaintiff's complaint that this Defendant has not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."); *Lewis v. Williams*, Nos. 05-13, 05-51, 05-52, 2006 U.S. Dist. LEXIS 8444, at *18-19, 2006 WL 538546, at *7 (D. Del. Mar. 6, 2006) ("[T]he failure to investigate a grievance does not raise a constitutional issue.").